# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

DAVID GILKS,             )
                                  )
                  Plaintiff,       )
v.                                      )
                                    )    Docket no. 1:12-cv-0046-NT
PINE STATE TRADING CO.,     )
                                    )
                 Defendant.      )

## OPINION AND ORDER
## ON MOTION TO DISMISS

This case comes before the Court on Defendant Pine State Trading Company's ("**Defendant**") Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims for which relief may be granted. For the reasons discussed below, the Defendant's motion is DENIED.

## FACTUAL BACKGROUND

From 2001 through June 10, 2010, Plaintiff David Gilks was employed by Defendant as a truck driver. Plaintiff began as a swing driver and in September, 2006 he was promoted to a route driver and received a raise. On March 15, 2010, Plaintiff began a 12-week medical leave of absence due to complications from psoriatic arthritis and Wegener's granulomatosis. Together these conditions cause recurring skin ulcerations on Plaintiff's lower extremities which affect his mobility. On June 10, 2010, Plaintiff contacted Defendant and requested four to eight additional weeks of leave. That same day, Defendant denied Plaintiff's request and terminated his employment.

In addition to psoriatic arthritis and Wegener's granulomatosis, the Plaintiff suffers from Type II diabetes, anxiety and depression. According to the Complaint, these conditions meet the definitions of physical and/or mental disabilities within the meaning of the Maine Human Rights Act ("**MHRA**"), 5 M.R.S.A. §§ 4551 - 4634 and of disability within the meaning of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12101 - 12213.

The Plaintiff alleges that his request for eight additional weeks of leave was a request for a reasonable accommodation. He claims that, at the time his employment was terminated, he was improving with treatment and could have returned to work within four to eight weeks. Finally, the Plaintiff claims that stress is detrimental to his condition and that the stress of losing his job caused an exacerbation of his symptoms that has precluded him from accepting other employment since June 2010.

On the basis of these allegations, the Plaintiff states four counts in the Complaint for discrimination and failure to accommodate under the MHRA and ADA. In its motion to dismiss, the Defendant claims that the Plaintiff fails to state claims for which relief may be granted because the Complaint admits that the Plaintiff has been unable to return to work at any time since his employment was terminated in June of 2010. Accordingly, the Defendant asserts that the Plaintiff was unable to perform the essential functions of his job with or without reasonable accommodation — an essential element of his claims.

**LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and 8(d)(1). The First Circuit has set forth, consistent with *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the "proper way of handling a motion to dismiss" under Rule 12(b)(6):

> Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements. Step two: take the complaint's well-pled (*i.e.* non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief.

*Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a 'context-specific' job that requires the reviewing court to 'draw on' its 'judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950.)

**DISCUSSION**

The Plaintiff's claims under the MHRA and the ADA involve the same elements. Both Acts prohibit covered employers from discriminating against a qualified individual on the basis of a disability. *Cleveland v. Policy Management Sys. Corp.*, 526 U.S. 795, 801, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) (discussing purpose of ADA), *Doyle v. Dept. of Human Servs.*, 824 A.2d 48, 53 (Me. 2003)

(discussing purpose of MHRA). Under both statutes, the Plaintiff must allege three elements to make out a cognizable claim: (1) that he suffers from a disability as defined by the ADA and/or MHRA; (2) that he is an otherwise qualified individual, meaning that he is able notwithstanding his disability to perform the essential functions of his job with or without reasonable accommodation; and (3) that Defendant knew of Plaintiff's disability and failed to reasonably accommodate it and/or otherwise adversely treated the Plaintiff based in whole or in part on his disability. *Valle-Arce v. Puerto Rico Ports Auth.*, 651 F.3d 190, 198 (1st Cir. 2011); *Doyle*, 824 A.2d at 54.

The First Circuit has recognized the general principle that "attendance is an essential function of any job," *Valle-Arce*, 651 F.3d at 200, but also has recognized that a "medical leave of absence . . . is a reasonable accommodation under the Act in some circumstances." *Garcia-Ayala v. Lederle Parenterals, Inc.*, 212 F.3d 638, 647 (1st Cir. 2000). In *Garcia-Ayala*, the plaintiff requested a six-week extension to an already significant medical leave. The district court granted summary judgment for the employer. The First Circuit reversed, faulting the district court for applying *per se* rules instead of an individualized assessment of the facts and noting that the defendant had offered no evidence that the requested accommodation would be an undue hardship.

The Complaint includes sufficient facts to establish that the Plaintiff has a disability, specifically psoriatic arthritis, Wegener's granulomatosis, and diabetes mellitus Type II. Complaint at ¶ 14. The Complaint also alleges facts sufficient to

4

state a claim that the Plaintiff was qualified to perform the duties of a route driver. The Plaintiff drove a truck for the Defendant since 2001 and received a promotion and a raise in 2006. Complaint at ¶¶ 20-22. The Plaintiff includes facts that support an inference that the requested four to eight-week medical leave extension was reasonable and that it would have allowed him to heal and return to work. Specifically, the Plaintiff notes that he had received a similar leave extension in 2007 and was able to return to his duties thereafter with the additional accommodation of a helper to carry loads over 100 pounds. Complaint at ¶¶ 23-26. The Plaintiff further alleges facts that allow the inference that the Defendant knew of the disability, failed to accommodate it, and terminated the Plaintiff because of his disability. Complaint at ¶¶ 30-33.

The gravamen of the Defendant's motion to dismiss is that the Plaintiff has failed to plead any plausible facts that he could have performed the job even with the requested accommodation. The Defendant points to a statement contained in Paragraph 36 of the Complaint, in which Plaintiff alleges that he has been unable to return to work with any employer since he was terminated from his employment with Defendant. Defendant contends that this allegation precludes Plaintiff from establishing that he was an "otherwise qualified individual" under the MHRA and ADA, because it is an admission that Plaintiff could not perform the essential functions of his job even if he had received the additional medical leave.

The relevant point in time from which to review a plaintiff's status as an "otherwise qualified individual" is when the plaintiff requests and is denied an

5

accommodation, rather than any time after that. *See Cleveland*, 526 U.S. at 805 (subsequent claims of total disability do not invalidate a plaintiff's claim that she was otherwise qualified because they "may not reflect an individual's capacities at the time of the relevant employment decision"); *Blockel v. J.C. Penney Co., Inc.*, 337 F.3d 17, 26 (1st Cir. 2003) (relevant time at which to assess plaintiff's status as an otherwise qualified individual was when plaintiff's requests for accommodation were denied); *D'Aprile v. Fleet Servs. Corp.*, 92 F.3d 1, 4 (1st Cir. 1996) (same).

Plaintiff's continuing inability to work may be a factor in determining whether he could actually have returned to work in the summer of 2010. However, this fact alone does not as a matter of law foreclose his claim. *See Garcia-Ayala,* 212 F.3d at 647 (rejecting *per se* rules in the assessment of whether an employee is an otherwise qualified individual), *Wilson v. Dollar General Corp.,* Doc. No. 4:11-CV-00024, 2012 WL 707068 (W.D. Va. March 5, 2012) (post-termination developments may be relevant to assessing whether employee could have performed essential functions of job within reasonable amount of time.) The Plaintiff may still demonstrate that, at the time he requested an additional eight weeks of leave, he was on a path to recovery that would have allowed him to return to work within that time. The Complaint states a plausible claim that, absent the stress caused by Defendant's decision to terminate his employment, Plaintiff would have recovered enough to return to work.

The Court is unprepared to declare these allegations facially implausible, especially in light of cases such as *Valle-Arce*, in which the plaintiff was able to

present expert testimony that stress caused by an employer's actions contributed to her subsequent inability to work. *See Valle-Arce*, 651 F.3d at 200.[1]

Defendant also claims that it did not deny the Plaintiff a reasonable accommodation because an indefinite leave of absence is not a reasonable accommodation under the MHRA and ADA. *See Garcia-Ayala*, 212 F.3d at 650 (unreasonable to expect an employer to hold open an employee's position

---

[1]    The cases cited by Defendant are distinguishable because on summary judgment the plaintiffs were ultimately unable to support their claims that they would have been able to return to work within a reasonable amount of time had their employers provided them with a reasonable additional leaves of absence. *See August v. Offices Unlimited, Inc.*, 981 F.2d 576, 583 (1st Cir. 1992)(plaintiff lacked psychiatric or medical evidence to support assertion that employer's actions caused total disability); *Roberson v. Cendant Travel Servs, Inc.*, 252 F. Supp. 2d 573, 582 (M.D. Tenn. 2002)(no evidence of any reasonable accommodation employer could have made so that Plaintiff could have returned to work); *Barry v. Wing Mem'l Hosp.*, 142 F. Supp. 2d 161, 168 (D. Mass. 2001)(plaintiff could not "sufficiently explain the contradiction" between her claimed total disability and her claim that she was an otherwise qualified individual under the ADA); and *Simo v. Home Health & Hospice Care*, 906 F. Supp. 714, 717-20 (D.N.H. 1995) ("the plaintiff has not adduced evidence, medical or otherwise, beyond bald assertions to indicate a causal link between the defendant's conduct and her inability to work.")

Defendant contends that these cases stand for two propositions: (1) the Court must deny a plaintiff's claim whenever it turns out the plaintiff was ultimately unable to return to work; and (2) the Court cannot inquire into the cause of an employee's disability. Neither *Roberson* nor *Barry* contain such broad propositions. To the extent *August* may have supported the first proposition, it has since been limited to its facts by other First Circuit cases. *See Blockel*, 337 F.3d at 26 ("In contrast with the facts of *August*, all of Blockel's disability insurance and benefit claim forms report total disability as beginning . . . after her requests for accommodation were denied."); *D'Aprile*, 92 F.3d at 4 ("The issue which concerned us in *August*, that a plaintiff would claim that he was entitled to a reasonable accommodation *at the same time* he claimed to be unable to work at all, is absent here.") *Simo*, for its part, foreclosed inquiry into the cause of the plaintiff's disability on a judicial estoppel theory that has since been rejected by the Supreme Court. *See Cleveland*, 526 U.S. at 802-803. *Barry*, decided in the wake of *Cleveland*, properly focuses on whether the plaintiff was able to support and explain the apparent contradiction between her claim that she was totally disabled and her claim that she could have returned to work. *See Barry*, 142 F. Supp. 2d at 168.

Defendant also cites *Trotter v. B&S Aircraft Parts & Accessories, Inc.*, 1996 WL 473837, *9 Doc. Civ. A. No. 94-1404-FGT (D. Kan., Aug. 13, 1996), and *Wilson v. Dollar Gen'l Corp.*, 2012 WL 707068, Doc. No. 4:11-CV-00024 (W.D. Va., March 5, 2012). These cases are distinguishable because these plaintiffs failed to establish that they requested a reasonable accommodation from their employers. In *Wilson*, the plaintiff requested an indefinite leave of absence. *Wilson*, 2012 WL 707068 at *10 (additional medical leave "is only reasonable where 'it is finite and will be reasonably likely to enable the employee to return to work.'") In *Trotter*, the plaintiff could not establish that he asked for any particular accommodation at all. *Trotter*, 1996 WL 473837 at *11. Thus, the defendant could not be held liable for a failure to accommodate. *Id.* at *10-11. ("The plaintiff cannot premise an ADA claim on the defendant's failure to ascertain the precise accommodation he secretly desired.")

indefinitely). The Complaint, however, alleges that Plaintiff requested an additional four to eight weeks of leave, not indefinite leave. Leave extensions may be reasonable accommodations. *Criado v. IBM Corp.*, 145 F.3d 437, 443 (1st Cir. 1998). Moreover, whether a given leave extension is a reasonable accommodation will turn on the facts of the case. *Id.*; *Garcia-Ayala*, 212 F.3d at 650. Plaintiff is entitled an opportunity to demonstrate, as a matter of fact, that an additional eight weeks of leave was a reasonable accommodation. *See Garcia-Ayala*, 212 F.3d at 650; *Criado*, 145 F.3d at 444.

Defendant also argues that "this Court must also reject Plaintiff's attempt to manufacture a disability discrimination claim by blaming Defendant for his ongoing disability." Motion to Dismiss at 7 (Doc. # 7). However, just as in *Valle-Arce*, this principle is not dispositive where the Plaintiff can establish that the termination of his employment itself created stress which contributed to his subsequent inability to work. *See id.* The Plaintiff has set forth non-conclusory allegations that stress is detrimental to his condition and that the stress arising from his termination exacerbated his symptoms and precluded him from returning to work within eight weeks.

## **CONCLUSION**

For the reasons stated, the Defendant's motion to dismiss is DENIED.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 10th day of July, 2012.

8